UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-00895-JLS-ADS                                      Date: July 07, 2020
Title: Nicole Moraitis Brazil v. Daniel Baskin

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                              Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff filed this action on May 13, 2020, seeking only declaratory relief. (Compl., Doc 1.) She alleges that in September 2015, Defendant engaged the services of a law firm to file for bankruptcy on behalf of himself and Plaintiff, his wife, falsely representing that she had authorized him to do so. (*See id.* ¶¶ 8–12.) However, "[a]t the time the case was filed, [Plaintiff] was not capable of appointing an agent to act on her behalf due to a lack of legal capacity to do so," which "[Defendant] knew or should have known." (*Id.* ¶ 11.) Plaintiff asks the Court to "make a finding and issue appropriate orders stating that [Defendant] did not have legal authority to file the bankruptcy case as [Plaintiff]'s agent and therefore any bankruptcy case listing [Plaintiff] as a debtor together with [Defendant] is an illegitimate and unauthorized filing." (*Id.* ¶ 18.)

On May 22, 2020, Plaintiff filed a Notice of Settlement. (Doc. 9.) On June 17, 2020, Plaintiff filed a Request to Enter Stipulated Judgment Pursuant to Settlement. (Doc. 11.) Before the Court may consider this request, it must first establish that it has subject matter jurisdiction over the action.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[T]he district court ha[s] a duty to establish subject matter jurisdiction . . . *sua sponte*, whether the parties raise[] the issue or not." *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). As the party invoking federal jurisdiction, Plaintiff has the burden of establishing the existence of subject matter jurisdiction. *See Kokkonen*, 511 U.S at 377.

Plaintiff maintains that the Court has subject matter jurisdiction "under 28 U.S.C. § 1331 because [the suit] involves a federal question." (Compl. ¶ 3.) The determination

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-00895-JLS-ADS | Date: July 07, 2020 |
| Title: Nicole Moraitis Brazil v. Daniel Baskin | |

whether the case "arises under" federal law is governed by the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). But Plaintiff nowhere asserts a federal claim against Defendant, instead relying exclusively on the Declaratory Judgment Act, 28 U.S.C. § 2201(a). The Court may grant relief under the Act only "[i]n a case of an actual controversy *within its jurisdiction*," *id.* (emphasis added)—*i.e.*, the Act does not provide an independent basis for federal subject matter jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950); *Howard v. America Online Inc.*, 208 F.3d 741, 754 (9th Cir. 2000) ("A request for declaratory judgment does not provide an independent basis for federal jurisdiction." (citing *Skelly Oil*, 339 U.S. at 672)).

     Accordingly, Plaintiff is ORDERED to show cause, in writing (up to five (5) pages), no later than **seven (7) days from the date of this Order**, why the Court should not dismiss this action for lack of subject matter jurisdiction. Failure to timely respond will result in the immediate dismissal of this case.

     Initials of Preparer:  tg